UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| HENRY ALEXANDER TOWNSEND, | Case No. 2:19-cv-01674-CL |
| Plaintiff, | ORDER |
| v. | |
| GREGG JONES, Office of Population Management; TROY BOWSER, Superintendent; JOHN JACKSON; Assistant Supt. Security; JANE CHAMBERS, STM, Lt., | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, an inmate at the Snake River Correctional Institution (SRCI), filed suit under 42 U.S.C. § 1983 and alleged that defendants violated his Eighth Amendment rights by failing to protect him from assault by other inmates on two occasions in 2018. Plaintiff also alleges that he has been placed in segregated housing for almost two years, presumably as a result of the assaults and threats.

1   - ORDER

Plaintiff moves for a temporary restraining order and requests that this Court order the Oregon Department of Corrections (ODOC) to transport him to the Multnomah County Detention Center. Plaintiff's motion is denied.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, the moving party must establish: 1) the likelihood of success on the merits of the underlying claims; 2) the likelihood of irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in the movant's favor; and 4) an injunction is in the public interest. *Id.* at 20. Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (citation omitted).

Significantly, plaintiff seeks a mandatory injunction. "A mandatory injunction orders a responsible party to take action," while a prohibitory injunction "prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Arizona Dream Act Coal. v. Brewer,* 757 F.3d 1053, 1060 (9th Cir. 2014) (citation omitted). A mandatory injunction goes well beyond the status quo and is particularly disfavored. *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979).

Plaintiff's allegations do not demonstrate a clear likelihood of either success on the merits or irreparable harm to warrant the mandatory injunctive relief he seeks. First, plaintiff does not allege that he was assaulted after June 2018, and he does not allege that he is currently at risk of assault. Second, while plaintiff alleges an extended period of confinement in administrative segregation, plaintiff does not allege that his confinement has been without meaningful review. *See Brown v. Or. Dep't Corr.*, 751 F.3d 983, 985 (9th Cir. 2014) (finding

that a prisoner's 27-month placement in "intensive," solitary segregation "with no meaningful review" implicated a protected liberty interest to support a due process claim).

Finally, plaintiff fails to show that the balance of equities tips in his favor or that the injunction he requests is in the public interest. Even if plaintiff's claims have merit, transport to a Multnomah County corrections facility would not be the appropriate remedy for the alleged deprivation of his rights.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order (ECF No. 11) is DENIED.

IT IS SO ORDERED.

DATED this  8th  day of May, 2020.

                                            /s/Ann Aiken
                                               Ann Aiken
                                    United States District Judge