IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

HENRY ALEXANDER TOWNSEND,

    Plaintiff,

vs.

GREGG JONES, Office of Population Management; et al.

    Defendants.

Case No. 2:19-cv-01674-CL

**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Mark Clarke issued his Findings and Recommendation ("F&R") (doc. 135) in this case on March 25, 2021. In the F&R, Judge Clarke recommended that plaintiff's Motion for Partial Summary Judgment (doc. 40), Dispositive Motion (doc. 95), and Motion for Temporary Restraining Order (doc. 126) be denied and that defendants' Motion for Summary Judgment (doc. 101) be granted in part and denied in part. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Page 1 – OPINION AND ORDER

The parties filed timely objections. Docs. 138, 140. Accordingly, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Having reviewed plaintiffs' Objections (doc. 140) and pertinent portions of the record de novo, the Court concludes that they do not provide a basis to modify or reject the F&R. Defendants object only to Judge Clarke's conclusions with respect to plaintiff's § 1983 claim against defendant Naima Chambers-Smith for failure to protect plaintiff from a March 3, 2018 assault. In their summary judgment motion, defendants argued "[b]ecause Chambers-Smith did not begin working for the Oregon Department of Corrections (ODOC) until May 15, 2018, she could not have been personally involved in failing to prevent Plaintiff's March 3, 2018 assault." Doc. 101 at 13. The Court agrees that Chambers-Smith cannot have been personally involved in any failure to protect plaintiff from an assault that took place before she was employed by ODOC at TCRI. Therefore, defendants are entitled to summary judgment on this claim. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation [in the alleged deprivation of rights] by the defendant.").[1]

---

[1] To clarify, the Court adopts Judge Clarke's recommendations with respect to plaintiff's other claims against Chambers-Smith, so his § 1983 claim against her for failure to protect him from the June 7, 2018 assault survives summary judgment.

Page 2 – OPINION AND ORDER

Having reviewed the F&R and record, the Court finds no error in the remainder of Judge Clarke's findings or analysis. Accordingly, the Court ADOPTS the F&R (doc. 135) with the modification discussed above.

IT IS SO ORDERED.

Dated this  30th  day of July 2021.


                          /s/Ann Aiken

                          Ann Aiken
               United States District Judge