IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

HENRY ALEXANDER TOWNSEND,                     No. 2:19-cv-01674-AB

                Plaintiff,                              OPINION AND ORDER

    v.

GREGORY JONES, Office of Population
Management, TROY BOWSER,
Superintendent; KEVIN JACKSON, Assistant
Supt. Security; NAIMA CHAMBERS, STM Lt,


             Defendant.

**BAGGIO, District Judge:**

    This matter comes before the Court on Plaintiff Henry Alexander Townsend's Renewed
Motion for Judgment as a Matter of Law ("Mot.") (ECF 372). For the reasons below, the Court
DENIES Plaintiff's motion.

## BACKGROUND

    Plaintiff initiated this lawsuit on October 15, 2019, alleging Defendants violated his
constitutional rights by failing to protect him from a series of attacks while he was detained at Two
Rivers Correctional Institution. Complaint (ECF 2). Defendants are individuals currently or
formerly employed by Oregon Department of Correction ("ODOC") who worked at Two Rivers
Correctional Institution during the relevant time period. Amended Pretrial Order ("Amend. PTO")
(ECF 360), at 3. Plaintiff was attacked on January 31, 2018, March 3, 2018, and June 7, 2018, by

a security threat group called Paisas. *Id.* at 2. He alleged that the Defendants failed to protect him, despite being on notice of the risk to Plaintiff's safety. *Id.* at 3-4.

Magistrate Judge Clarke recommended granting in part and denying in part Defendants' motion for summary judgment. Findings and Recommendations (ECF 135). He recommended granting summary judgment on Plaintiff's claims about the January 31, 2018, assault because Plaintiff did not show he exhausted the grievance process as required by the Prison Litigation Reform Act. *Id.* at 4. Judge Clarke also recommended granting summary judgment on Plaintiff's procedural due process claim, claims against Defendants in their official capacities, and state law tort claims. *Id.* at 13-14. He recommended denying Defendants' request for summary judgment as to the June 2018 and March 2018 attacks on the basis of qualified immunity. *Id.* at 8. Judge Aiken adopted Judge Clarke's recommendation with one adjustment to dismiss Defendant Chambers with respect to the March 2018 assault because she did not begin working for ODOC until May 15, 2018. Opinion and Order (ECF 157).

Judge Immergut held a bench trial to decide whether Plaintiff exhausted his administrative remedies related to the June 2018 assault. Bench Trial Mins. of Proceeding (ECF 314). She granted Plaintiff's motion for a directed verdict during trial, finding that Defendants did not carry their burden of showing failure to exhaust administrative remedies related to the June 2018 assault. *Id.*

Two of Plaintiff's claims—42 U.S.C. § 1983 failure to protect under the Eighth Amendment for the March 3, 2018 and the June 7, 2018 assaults—proceeded to a three-day jury trial in November 2024. The jury found for Defendants on both claims. Jury Verdict (ECF 365). Plaintiff now renews the motion for judgment as a matter of law that he made at the close of evidence.  Trial Day 3 Mins. of Proceeding (ECF 361).

**LEGAL STANDARD**

"In considering a Rule 50(b)(3) motion for judgment as a matter of law, the district court must uphold the jury's award if there was any 'legally sufficient basis' to support it." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014) (quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002)). "In making that determination, the district court considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party . . . ; the court may not make any credibility determinations or reweigh the evidence." *Id.*

A prison official violates his or her duty to protect a person in custody "when: (1) the official's act or omission, objectively viewed, caused 'a substantial risk of serious harm'; and (2) the official was subjectively aware of that risk and acted with 'deliberate indifference to [an incarcerated person's] health or safety.'" *Leonard v. Peters*, 2023 WL 387035, at *2 (9th Cir. Jan. 10, 2023) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994)). "The objective component of this claim requires a plaintiff to plausibly allege that it is 'contrary to current standards of decency for anyone to be . . . exposed against his will' to the relevant hazard." *Hampton v. Cal.*, 83 F.4th 754, 766 (9th Cir. 2023) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

**DISCUSSION**

Plaintiff makes three arguments in support of his motion for judgment as a matter of law. None is persuasive.

First, he argues "the verdict in favor of the Plaintiff is proper because (1) the court need not determine the credibility of the witnesses to resolve liability in this case." Mot. at 2. Plaintiff argues that a credibility determination is not necessary because the "the Defendants' action and subjective knowledge of the risk to Plaintiff Townsend were thoroughly documented in the

received evidence." *Id.* at 5. As a starting point, the Court agrees with Plaintiff that it may not make any credibility determinations at this stage because that rule is settled Ninth Circuit law. *Experience Hendrix L.L.C.,* 762 F.3d at 842; *see E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (a court "may not make credibility determinations or weigh the evidence" when ruling on a Rule 50 motion). But that general legal principle does not lead to a directed verdict in his favor as Plaintiff suggests.

Plaintiff points to the stipulated facts of his housing history and testimony about the risks Plaintiff faced on the general population housing units to argue the evidence is sufficient to establish that all Defendants were subjectively aware of and deliberately indifferent to the risks to Plaintiff. Mot. at 7-8. But Plaintiff ignores contrary evidence introduced at trial, such as testimony that the housing populations constantly change on the general housing units. This contrary evidence could have led the jury to make the reasonable inference that the Defendants thought the threat to Plaintiff dissipated during the intervening time between attacks. The Court views Plaintiff's arguments as illustrations of how the jury *could have read* the evidence in his favor. But a jury already considered the evidence and reached a verdict. To overturn that verdict, Plaintiff must show that the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1066 (9th Cir. 2016). Plaintiff has not sufficiently shown that the jury's interpretation of the evidence in the defense's favor is unreasonable and that the evidence could have only permitted a conclusion in his favor.

Second, Plaintiff argues a judgment in his favor is warranted because "[t]he only reasonable conclusion based on the evidence presented at trial is that Defendants were on notice on two occasions at minimum that Plaintiff was at serious risk of being harmed by members of Paisas," and Defendants were "deliberately indifferent" to the harm to Plaintiff. Mot. at 8. A failure

to protect claim under the Eighth Amendment has an objective and subjective component. *Hampton*, 83 F.4th at 766. "An inmate must allege that the deprivation was, objectively, sufficiently serious. . . [and] that the defendant official acted, subjectively, with deliberate indifference to inmate health or safety." *Id.* (cleaned up). Plaintiff suggests that the undisputed facts of his housing history, Defendants' job titles, and the timing of the attacks amounts to notice and deliberate indifference. Mot. at 7-8. This argument fails for at least two reasons. First, "[t]he objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact, and as such must be decided by a jury if there is any room for doubt." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075–76 (9th Cir. 2013). Defendants did present conflicting evidence related to this objective prong. For example, Defendants elicited testimony to refute that Plaintiff's repeated placement in the same housing unit placed him in the same dangerous situation because the population of the housing units is in constant flux. Because the evidence could lead to more than one reasonable conclusion on the objective prong, the question was properly decided by the jury. *Id.* at 1075–76. Second, even if Plaintiff did show that the undisputed facts satisfied the objective prong in a way the jury could not disagree with, assuming *arguendo*, Plaintiff would still not be owed judgment as a matter of law because he does not show how the evidence unequivocally shows that each Defendant subjectively acted in disregard of Plaintiff's safety. *Hampton*, 83 F.4th at 766.

Third, Plaintiff argues that Defendants have not put on substantial evidence "to support a verdict in their favor," Mot. at 2, or "substantial evidence negating Plaintiff's claim," *id.* at 8. Plaintiff did not raise either version of this argument in his motion for a directed verdict at the close of evidence. "A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1081-82 (9th Cir.

2009) (quoting Fed. R. Civ. P. 50 advisory committee's note on 1991 amendments). Additionally, a party cannot properly "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Accordingly, because this argument is raised for the first time in a post-verdict motion, the Court will not consider it.

Within this third argument, Plaintiff objects to Defendants' argument during trial that Plaintiff did not do enough to prevent the attacks himself. Plaintiff did briefly address comparative fault during argument on his pre-verdict motion, so the Court will address it here. The Ninth Circuit has not spoken clearly on this issue, but Plaintiff is correct that many district courts within this circuit, along with the sister circuits, hold that comparative fault is inapplicable to § 1983 suits. *Acasio v. Lucy*, 2017 WL 1316537, at *15 (N.D. Cal. Apr. 10, 2017) (collecting cases). However, this does not support a judgment in Plaintiff's favor because Plaintiff had the burden of proof to prove each of the elements of his claims by a preponderance of the evidence. Jury Instruction 14 (ECF 369); *see also Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 965 (9th Cir. 2001) (plaintiff has ultimate burden of proof in a § 1983 case). Defendants did not have the burden of proof to disprove Plaintiff's case, so the Court does not have to parse "Defendants' story", Mot. at 8, to determine whether it was a strong enough defense. A jury already weighed the evidence at trial and issued its verdict. Plaintiff has not convinced the Court that it should disturb that verdict.

**CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's Renewed Motion for Judgment as a Matter of Law (ECF 372).


IT IS SO ORDERED.

DATED this 4th day of December, 2024.

Amy M. Baggio
United States District Judge

7 – OPINION AND ORDER